Herzog vs. Boll and his guardian.

*December 1 — December 16, 1884.*

*Contract to pay debts of parent: Assignment of note and mortgage by son: Recovery by assignee with notice.*

A father conveyed to each of his two sons one half of certain lands in consideration of the several agreement of each to assume and pay one half of the amount due on two notes given by the father

and secured by mortgages on other lands. The note upon which the larger sum was due ran to one of the sons, who subsequently paid the other note, but failed to have recorded a satisfaction of the mortgage securing the same, and afterwards assigned both notes and mortgages to a purchaser with notice of the facts. In an action by such purchaser to foreclose both mortgages, *held* that the plaintiff could recover upon the note and mortgage which ran to his assignor a sum equal to one half of the whole amount due upon both notes at the time of the conveyance by the father.

APPEAL from the Circuit Court for *Sheboygan* County.

The action is for the foreclosure of two mortgages. The first mortgage and the note secured thereby were for $1,000, and were executed April 15, 1874, by the defendant *John Anton Boll* to Gabriel Boll, and were alleged to have been assigned by the mortgagee to the minor heirs of Joseph Buhl, deceased, and by George Wilhelm, their guardian, to Valentine Boll, and by him, on June 12, 1882, to the plaintiff. The amount claimed to be due on this note and mortgage was $445.50, and interest thereon from April 15, 1877.

The second mortgage is alleged to have been executed by the same defendant to Valentine Boll, April 20, 1876, to secure the payment of a note of $600, and to have been assigned by Valentine Boll to the plaintiff, June 12, 1882.

The complaint is in the usual form, and alleges further that, in 1881, the defendant *John Anton Boll* became incompetent to manage his own affairs, and that on June 9, 1882, the defendant *Dorschel* was appointed his guardian.

The answer admits the execution of the notes and mortgages, but denies that the first mortgage was ever assigned to Valentine Boll, or that either of said mortgages was ever assigned to the plaintiff, and alleges that both notes had been fully paid and satisfied. It further alleges that on December 1, 1880, the defendant *John Anton Boll* conveyed to the said Valentine Boll, who was his son, one half of ninety-seven acres of land in Calumet county, of the value of $1,200, for the sole consideration that the said Valentine

Boll should accept the same in payment and discharge of the second note and mortgage above mentioned, and should further pay and satisfy the first mortgage above mentioned; that subsequent to said conveyance the said Valentine Boll paid up the first note and mortgage, but fraudulently retained them uncanceled, and failed to cause the satisfaction of the mortgage to be entered and recorded, and that he further neglected and refused to enter of record a satisfaction of the second mortgage. It is further alleged that the plaintiff is the father-in-law of said Valentine Boll, and had notice of all these facts prior to any of the alleged assignments to him.

The evidence given at the trial will sufficiently appear from the opinion.

The circuit court found as facts: (1) that the plaintiff received the notes and mortgages in suit from Valentine Boll, his son-in-law, after they were due and after the transactions in respect thereto hereinafter mentioned; (2) that said Valentine Boll and one Jacob Boll, who were both sons of the defendant *John Anton Boll*, accepted from said defendant on December 1, 1880, conveyances of certain lands in Calumet county upon considerations expressed in the deeds of $200 respectively, but in fact solely upon the consideration and agreement of said grantees jointly made that they would assume and satisfy the mortgages and notes in suit; (3) that said lands so conveyed largely exceeded in value the amount of the notes and mortgages so assumed, and were soon after conveyed by the grantees jointly for the sum of $2,395; (4) that in pursuance of such agreement the note and mortgage first mentioned were subsequently [February 18, 1881] paid by or through said Valentine Boll and a satisfaction or discharge of said mortgage taken thereupon by said Valentine Boll from Geo. Wilhelm, the holder thereof, such payment so made amounting to $450 and interest thereon for about one year; and such satisfaction piece was delivered with the

purported assignment of said mortgage made by Valentine Boll to the plaintiff, and was referred to in such assignment as a payment of said mortgage, and was fraudulently withheld from record; (5) that the second mortgage above mentioned was held by Valentine Boll, unrecorded, at the date of the said conveyance of land to him by the defendant *John Anton Boll*, and was subsequently recorded by said Valentine and left unsatisfied in attempted fraud of the rights of said defendant; (6) that the notes and mortgages were at the time of the alleged assignments to the plaintiff, fully paid and satisfied.

As a conclusion of law the court held that the complaint should be dismissed, and rendered judgment accordingly. The plaintiff appealed.

*Conrad Krez*, for the appellant.

For the respondents there was a brief by *Seaman & Williams*, and oral argument by *Mr. Seaman*.

COLE, C. J. The most favorable view we can possibly take of the evidence in favor of the defendants is to say that the conveyances of December 1, 1880, of the Calumet county lands, by *John Anton Boll* to Jacob and Valentine Boll, were made upon the distinct consideration that the grantees therein would satisfy and discharge the notes and mortgages set forth in the complaint. The circuit court found as a fact that those conveyances were made upon that consideration, and there is certainly evidence which supports the finding. The defendant *John Anton Boll* testified, in effect, that he gave his sons that land in consideration of their paying these debts; that each grantee was to pay $600, which would discharge them. It is true, the sons deny that this was the agreement or consideration for the conveyances, and that they accepted the deeds upon any such condition. But in this conflict of testimony upon the point we must hold that the conveyances were made upon the considera-

tion and agreement that the grantees therein would pay and discharge these notes and mortgages as the court finds.

But the court below further found that there was a joint undertaking on the part of Jacob and Valentine Boll to satisfy these notes and mortgages, and accordingly dismissed the complaint as to both causes of action. If the evidence showed that there was such a joint undertaking, there would be ground for claiming that there should be no fore-closure of either mortgage, because it would then be the duty of Valentine — the plaintiff's assignor — to see that both mortgages were discharged. These securities were confessedly transferred to the plaintiff long after they be-came due, and were, of course, subject to all existing equities. But we fail to find in the case a *scintilla* of proof of such joint undertaking or agreement. *John Anton Boll* made a deed to Valentine of the west half of the Calumet lots, and to Jacob a deed of the east half. Each grantee took pos-session of his respective portion. While, as we have said, the consideration for these conveyances probably was an agreement by each grantee to pay one half of the mortgage debts, there was no joint undertaking to that effect. The liability was a several one; consequently Valentine did not become liable for the payment and discharge of both mort-gages. If he satisfied one half of the mortgage debt, he discharged his obligation as we find it. The mortgages were not for equal amounts, still there is no difficulty whatever in ascertaining what was due upon them December 1, 1880. Valentine is liable to pay one half that amount. The transaction of February 18, 1881, in respect to the transfer of the mortgage held by Wilhelm must be deemed and treated as a payment of that mortgage by Valentine, for which he should have credit, less two months and eight-een days' interest thereon. After deducting this credit from one half of the mortgage debts found due December 1, 1880, the balance should be applied on the $600 mortgage

held by Valentine. This will equalize the payment of the mortgage debts assumed, so far as he is concerned. When this application is made, the remainder of the debt secured by that mortgage will be a subsisting lien upon the premises, for which a judgment of foreclosure should be given. It is apparent that the defendant will have his remedy against Jacob for one half the mortgage debts which the latter undertook and agreed to pay for the land conveyed to him. But we see no ground for holding that the grantees were jointly liable so that the entire mortgage debts can be collected of Valentine, which was really what the judgment of the court below amounted to; for there is no fact or circumstance disclosed in the case which warrants that conclusion.

It follows from these views that the judgment of the circuit court must be reversed, and the cause must be remanded for a judgment of foreclosure in accordance with this opinion.

*By the Court.*— It is so ordered.